LAW OFFICES
# DAVID WIKSTROM
950 THIRD AVENUE - 32ND FLOOR
NEW YORK, NEW YORK 10022

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511
FACSIMILE: (212) 248-2866

March 17, 2021

> Mr. Riendeau's request for an 8 p.m. curfew is granted. The travel request has been withdrawn.
> SO ORDERED.
>
> *[signature]*
> NAOMI REICE BUCHWALD
> UNITED STATES DISTRICT JUDGE
> Dated: New York, New York
> March 26, 2021

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Jonathan Riendeau, et al.</u>
   18 CR 444 (NRB)

Dear Judge Buchwald:

I represent Defendant Jonnathan Riendeau in the above-captioned matter. This letter is to request two modifications of Mr. Riendeau's conditions of Supervised Release, relating to the one-year home detention condition that was initially imposed on July 1, 2020 (ECF No. 139). Specifically, for the reasons set forth below, I request that the Court modify the condition to provide that, for the remaining months of his home detention period, Mr. Riendeau be allowed out of the house beginning at 8:00 a.m., with a curfew of 8:00 p.m. I also request that the Court authorize his travel to the Middle District of Florida. Both AUSA Robert Sobelman and Pretrial Services Officer Justin Brownlee inform me that they have no objection to the requested modifications.

The Court's sentence provided that Mr. Riendeau must be at home except for authorized absences for employment, religious services, medical care and the like, and that he be subject to location monitoring technology at the discretion of the Probation Department. Since the imposition of sentence Mr. Riendeau has worn a location monitoring device and has, as required, been home by 5:00 p.m. each day.

Mr. Riendeau has expanded the business he started in October 2019 (*see* PSR ¶ 106) to include locations in Naples, Tampa and Orlando. The current requirement, that Mr. Riendeau be home by 5:00, means in practice that he must stop work at 4:00, and he is therefore unable to oversee or supervise any of the work at the other business locations. The change to a curfew of 8:00 p.m., and the advance permission to travel out of district to the adjoining Middle District of Florida, where the three

locations are, will permit him to both continue full-time work at his existing location, and also oversee the company's activities at the other locations. Probation Officer Brownlee informs me that the change to a curfew—a change he does not object to—requires a court order to that effect.

Accordingly, I ask that your Honor "So Order" the application to modify the conditions of Supervised Release as set forth above.

Thank you for your consideration.

Respectfully submitted,

David Wikstrom